UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
KENIA F.,

                         Plaintiff,          DECISION AND ORDER
                                              1:25-CV-04685-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In September of 2021, Plaintiff Kenia F.[1] applied for Disability

Insurance Benefits under the Social Security Act. The Commissioner of

Social Security denied the application.  Plaintiff, represented by Ny

Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action

seeking judicial review of the Commissioner's denial of benefits under 42

U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction

of a United States Magistrate Judge. (Docket No. 9).

      This case was referred to the undersigned on April 21, 2026.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

No. 13). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on September 16, 2021, alleging disability beginning April 13, 2021. (T at 15, 105).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 14, 2023, before ALJ Flor M. Suarez. (T at 44-64). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 52-62). A second hearing was held on May 7, 2024, before the same ALJ. (T at 65-87).  Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 72-74, 76-78). The ALJ also received testimony from Richard Hall, a vocational expert. (T at 79-84).

### B.    *ALJ's Decision*

On June 24, 2024, the ALJ issued a decision denying the application for benefits. (T at 9-37).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2026 (the

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

2

date last insured) and had not engaged in substantial gainful activity since April 13, 2021 (the alleged onset date). (T at 17).

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine (status post 2019 fusion and laminectomy); degenerative disc disease of the thoracic spine; morbid obesity; left knee meniscal tear; right knee meniscal tear; and bilateral knee osteoarthritis were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 21).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can bilaterally push or pull with the upper extremity; never climb ladders, ropes, or scaffolds; never crawl; occasionally climb ramps or stairs, stoop, crouch, or kneel; occasionally overhead reach bilaterally; and can have no more than occasional exposure to excessive very loud noise, excessive vibration, dangerous moving machinery, or unprotected heights. (T at 22).

The ALJ concluded that Plaintiff could not perform her past relevant work as a personal care assistant or material handler. (T at 29).

However, considering Plaintiff's age (45 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  (T at 30).

As such, the ALJ found that Plaintiff was not under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 13, 2021 (the alleged onset date) and June 24, 2024 (the date of the ALJ's decision). (T at 31-32).

On April 25, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-8).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on June 4, 2025. (Docket No. 1).  On November 24, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 13, 14).  The Commissioner interposed a brief in opposition to the motion in which he requested judgment on the pleadings, on February 18, 2026. (Docket No. 20).  On March 16, 2026,

Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 25).

## II.  APPLICABLE LAW

### A.    *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and

against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted).

This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

For the following reasons, the Court finds that the ALJ did not satisfy her duty to develop the record.

*1. Mental Impairments*

The ALJ recognized Plaintiff's medically determinable impairments of major depressive disorder and generalized anxiety disorder, but determined that they were not severe impairments, as defined under the Social Security Act. (T at 18).  The ALJ's RFC determination incorporates no limitations with respect to Plaintiff's ability to meet the mental demands of basic work activity. (T at 22).

It is well-settled that "an ALJ has a heightened duty to develop the record when a claimant asserts a mental impairment." *Gabrielsen v. Colvin,*

No. 12-CV-5694 KMK PED, 2015 WL 4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases).

"This 'heightened duty' derives from the fact that a claimant's mental illness may greatly impede an evaluator's assessment of a claimant's ability to function in the workplace, thus necessitating a more thorough review." *Piscope v. Colvin*, 201 F. Supp. 3d 456, 462-63 (S.D.N.Y. 2016).

Underpinning the heightening of the ALJ's duty is a recognition that the records and opinions of treating providers are particularly probative in claims involving mental health. *See Flynn v. Comm'r of SSA*, 729 F. App'x 119, 122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations."); *see also Marinez v. Comm'r of Soc. Sec.*, 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (noting that treating sources "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations.") (citing 20 C.F.R. § 416.927(c)(2)).

9

Although the Commissioner no longer applies the "treating physician's rule," the duty to develop the record, which includes contacting treating physicians when needed to afford the claimant a full and fair hearing based on an adequately developed record, applies to claims governed by the new medical opinion regulations. *See, e.g., Snoke v. Comm'r of Soc. Sec.*, No. 22-CV-3708 (AMD), 2024 WL 1072184, at *9 (E.D.N.Y. Mar. 12, 2024); *Fintz v. Kijakazi*, No. 22-CV-00337(KAM), 2023 WL 2974132, at *7 (E.D.N.Y. Apr. 15, 2023); *Cheryl W. v. Kijakazi*, No. 3:22-CV-1476 (VAB), 2024 WL 1012923, at *5 (D. Conn. Mar. 8, 2024); *Daniela B. v. Kijakazi*, 675 F. Supp. 3d 305, 316 (E.D.N.Y. 2023); *see also Ramos v. Comm'r of Soc. Sec.*, No. 20-CV-9436 (OTW), 2023 WL 3380660, at *2 (S.D.N.Y. May 11, 2023).

Here, the ALJ's conclusion that Plaintiff had no more than mild limitation in her ability to meet the mental demands of basic work activity is based on the ALJ's lay assessment of the treatment record and the opinions of Dr. Arlene Rupp-Goolnick (a one-time consultative examiner) and the non-examining State Agency review physicians. (T at 21).

The record disclosed, however, that Plaintiff had a long-term treating relationship with Dr. Virginia Contreras, a psychiatrist. (T at 2089, 2164). The record likewise documents significant, sustained symptoms, including

depression, anxiety, difficulty sleeping, problems concentrating, and hallucinations. (T at 1029-33, 1548-53, 1555-62, 1563-64, 1565-68, 1569-70, 1575-76, 1579-82, 2089-91, 2092-94, 2095-97, 2098-2103, 2107, 2110-11, 2114-15, 2121-32, 2137-40, 2300).

Under these circumstances, it was error for the ALJ to: (a) conclude that Plaintiff's mental impairments were non-severe and (b) formulate an RFC containing no limitations regarding Plaintiff's ability to meet the mental demands of basic work activity without seeking an assessment from her long-term treating psychiatrist. *See Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)("It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient.")(quoting *Peed v. Sullivan*, 778 F. Supp 1241, 1246 (E.D.N.Y.1991) (emphasis original).

### 2. *Physical Impairments*

The ALJ recognized several severe physical impairments and found Plaintiff limited to a reduced range of sedentary work. (T at 22).  Thus, the question is not *whether* Plaintiff's ability to meet the physical demands of

11

basic work activity is limited, but to *what extent*.  The ALJ erred by determining the extent of Plaintiff's physical impairment without seeking an assessment from a treating provider.

The need for a treating provider's assessment was amplified by the fact that the ALJ did not find any of the medical opinions regarding Plaintiff's physical functioning fully persuasive.

Dr. Manuel Paz performed a consultative examination in June of 2022.  He diagnosed lower back pain, bilateral knee pain, anxiety, and depression. (T at 1546).  Dr. Paz opined that Plaintiff had marked limitations in bending, lifting, carrying, prolonged sitting, prolonged standing, prolonged walking, pushing, pulling, climbing stairs, kneeling, and crouching. (T at 1547).  Dr. Paz assessed marked impairment in Plaintiff's ability to perform activities that require foot control, balance, operating heavy machinery, operating a motor vehicle, or being exposed to unprotected heights. (T at 1547).

The non-examining State Agency review consultants opined that Plaintiff could perform a range of light work.  (T at 99-102, 110-11).

The ALJ deemed Dr. Paz's opinion "somewhat vocationally vague" and granted it only partial persuasive power. (T at 27-28).  The ALJ credited the evidence of limitation in Plaintiff's ability to lift and carry and

engaged in prolonged standing and walking and thus discounted the State Agency opinions. (T at 27-28).

In light of the undisputed evidence of significant limitation, and given the ALJ's decision to discount all of the opinion evidence regarding Plaintiff's physical functioning, it was error for the ALJ to determine the extent of Plaintiff's impairment without seeking an opinion from a treating provider and/or re-contacting Dr. Paz to clarify the findings the ALJ considered "somewhat vocationally vague." *See Piscope v. Colvin*, 201 F. Supp. 3d 456, 464 (S.D.N.Y. 2016)("Given the conflicts in the medical evidence, and in light of the ALJ's decision to grant none of the medical opinions full weight, the record calls for enhancement through inquiries to the treating physicians or consultants that might shed light on the import of their opinions and the conflicts the ALJ identified.").

### 3. Representations of Counsel

The Commissioner notes, correctly, that Plaintiff's counsel twice represented to the ALJ that the record was complete and did not seek an extension time to obtain additional evidence. (T at 69, 86).

While some courts have found that an ALJ can rely on counsel's representation that the record is complete the Court finds the present case is distinguishable.

In *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the panel affirmed the denial of benefits even though the ALJ did not contact or obtain records from the treating physician.  However, in addition to holding the record open to allow claimant's counsel to obtain the records, the ALJ in *Jordan* contacted counsel to follow-up on the status of his efforts and counsel responded that the claimant had "nothing further to add to the record." *Id.*

Likewise, in *Frye v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012), the panel found the record "fully developed" where the ALJ held the record open "so that counsel could submit additional evidence, *contacted counsel when no further evidence was received*, and, at counsel's request, granted an extension of time to obtain evidence." *Id.* (emphasis added).

In the present case, unlike in *Jordan* and *Frye*, the ALJ did not take any independent steps to ensure the record was complete and cannot be said to have satisfied her duty to develop the record. *See, e.g., Colucci v. Acting Comm'r of Soc. Sec.*, No. 19-cv-01412 (KAM), 2021 U.S. Dist. LEXIS 62081, at *17 (E.D.N.Y. Mar. 31, 2021)(distinguishing *Jordan* because "there is no evidence that the ALJ sent a reminder to plaintiff's attorney"); *Sotososa v. Colvin*, No. 15-CV-854 (FPG), 2016 U.S. Dist. LEXIS 152800, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016) ("The

14

Second Circuit has indicated that the ALJ may rely on the claimant's counsel to obtain missing evidence under some circumstances, but it has stopped short of holding that the ALJ may delegate his or her duty to the claimant's counsel. In *Jordan* and *Frye*, the Second Circuit determined that the ALJs satisfied their duty to develop the record because, even though the ALJs relied on counsel to obtain missing evidence, they also took independent steps to complete the record."); *see also Carr v. Comm'r of Soc. Sec.*, 16 Civ. 5877 (VSB) (JCF), 2017 U.S. Dist. LEXIS 72209, at *29-33 (S.D.N.Y. May 11, 2017).

Although the Court finds it frustrating that Plaintiff's counsel failed to recognize the obvious gaps in the record, represented to the ALJ that the record was complete, and now requests remand by arguing that the record is incomplete, nonetheless, "remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel." *Martinez v. Saul*, No. 3:19-cv-01017-TOF, 2020 U.S. Dist. LEXIS 205069, at *38 (D. Conn. Nov. 3, 2020)(quoting *Vincent v. Astrue*, No. 08-CV-0956 (VEB), 2010 U.S. Dist. LEXIS 146213, at *21 (N.D.N.Y. Mar. 30, 2010)).

A remand is, therefore, required.[3]

*4. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand for further development of the record is necessary and appropriate for the reasons set forth above.

---

[3] This Court need not reach Plaintiff's additional arguments in support of a remand, because the ALJ's "failure to develop the record is a threshold issue that impacts other aspects of the disability claim …." *Miraglia v. Comm'r of Soc. Sec.*, No. 20-CV-1964(EK), 2022 WL 1556409, at *4 (E.D.N.Y. May 17, 2022); *see also Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is GRANTED and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: May 18, 2026          _s / Gary R. Jones_
                             GARY R. JONES
                             United States Magistrate Judge